UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL HILL,

        Petitioner,

                                        Case No. 15-cv-12658
v.                                  Honorable Sean F. Cox

CARMEN D. PALMER,

        Respondent.
_____/

**OPINION AND ORDER
DENYING THE PETITION FOR WRIT OF HABEAS CORPUS,
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, BUT
GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Petitioner Samuel Hill has filed a *pro se* habeas corpus under 28 U.S.C. §§ 2241 and 2254. The habeas petition challenges Petitioner's state convictions for first-degree home invasion, Mich. Comp. Laws § 750.110a(2)(b) and domestic violence, Mich. Comp. Laws § 750.81(2). The sole issue is whether the prosecution proved each element of the crimes beyond a reasonable doubt. Respondent Carmen D. Palmer urges the Court to deny the petition on the basis that the state appellate court's decision on Petitioner's claim was not an unreasonable application of clearly established Supreme Court law. The Court agrees. Accordingly, the petition will be denied.

**I. Background**

The charges against Petitioner arose from allegations that, early on August 23, 2012, he broke into his former girlfriend's home in Detroit, Michigan. Petitioner waived his right to a jury trial and was tried before a judge in Wayne County Circuit Court on January 3, 2013.

Darlese Arnold testified that, on August 23, 2012, she was pregnant with Petitioner's child and living with the couple's one-year-old daughter on Chene Street in Detroit. That afternoon, she had an argument with Petitioner and told him about a personal protection order (PPO) she had obtained against Petitioner. Petitioner responded to the news by saying that he did not care about the PPO and that it would hurt her.

Later that night, Petitioner came to her home and demanded to be let inside to retrieve some clothing. When she refused to admit Petitioner, he kicked in the door. She was afraid at the time because she did not know what else Petitioner might do. She grabbed her infant daughter, ran outside, and called the police. She subsequently saw Petitioner leave the residence with his clothing.

Continuing, Ms. Arnold testified that, during September and October of 2012, Petitioner wrote to her from jail. Petitioner mentioned the PPO in the letters, and in one of the letters, he suggested that she go to court and say that she did not remember what happened on the day in question. He also wrote that he would press charges against her if she went to court.

Detroit police officer Donald Alter testified that he went to Ms. Arnold's home on August 23, 2012. The nature of the run was "family trouble," and the complaint was that the suspect was kicking in the front door. During his conversation with Ms. Arnold, there was a discussion about a PPO, but he did not serve the PPO on the suspect, and the suspect was no longer present in the home. He (Officer Alter) did notice that the casing and the doorjamb were damaged as if somebody had pushed in the door. He and his partner tried to use the broken parts to secure the door.

The only defense witness was Petitioner, who testified that he went to Ms. Arnold's

home shortly before midnight on August 22, 2012, because he and Ms. Arnold had previously argued about another female, and Ms. Arnold had told him that she was going to throw out his clothes. Petitioner claimed that his intent was to pick up his clothes, and when he got there, Ms. Arnold admitted him. He then grabbed his things and left. As he got in his van, he heard Ms. Arnold say, "You know I have a PPO. If I cannot have you, I would rather have you locked up for the rest of your life."

Petitioner denied damaging Ms. Arnold's door on August 23, 2012. Instead, he claimed that he damaged the door on a previous occasion. He also denied having any intent to hurt Ms. Arnold.

Petitioner admitted that Ms. Arnold told him about the PPO when he got to her home on August 23, 2012, but he claimed that he had not been served with the PPO. Petitioner also admitted writing six letters to Ms. Arnold from jail and stating in the letters that she should not go to court on two other cases that were pending against him on charges of domestic violence and telephone harassment. He further admitted that Ms. Arnold once went to the hospital because of something that he did to her arm.

The parties admitted in their closing arguments that the sole issue was Petitioner's intent. The trial court believed Ms. Arnold's version of the facts and found Petitioner guilty, as charged, of first-degree home invasion and domestic violence. On January 18, 2013, the trial court sentenced Petitioner as a habitual offender to imprisonment for twelve to thirty years for the home invasion and to time served for the domestic violence.

Petitioner raised his habeas claim on appeal from his convictions. The Michigan Court of Appeals found no merit in his claim and affirmed his convictions. *See People v. Hill*, No. 314763 (Mich. Ct. App. July 24, 2014) (unpublished). On February 3, 2015, the

Michigan Supreme Court denied leave to appeal.  *See People v. Hill*, 497 Mich. 954; 858 N.W.2d 449 (2015) (table).  On July 27, 2015, Petitioner filed his habeas corpus petition in this Court.

## II.  Standard of Review

"The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)."  *Harrington v. Richter*, 562 U.S. 86, 97 (2011).  Pursuant to § 2254, the Court may not grant a state prisoner's application for the writ of habeas corpus unless the state court's adjudication of the prisoner's claims on the merits

    (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

    (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

> Under the "contrary to" clause [of § 2254(d)(1)], a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause [of § 2254(d)(1)], a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (O'Connor, J., opinion of the Court for Part II).  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly

4

2:15-cv-12658-SFC-DRG   Doc # 8   Filed 04/07/16   Pg 5 of 10   Pg ID 355

established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411.

"AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997), and 'demands that state-court decisions be given the benefit of the doubt,' *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (*per curiam*)." *Renico v. Lett*, 559 U.S. 766, 773 (2010). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Richter*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). To obtain a writ of habeas corpus from a federal court, a state prisoner must show that the state court's ruling on his or her claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

### III. Analysis

Petitioner maintains that the prosecutor failed to prove each element of the crimes beyond a reasonable doubt. (Pet. for Writ of Habeas Corpus, docket no. 1, Pg ID 2.) More specifically, Petitioner alleges that there was insufficient evidence that he intended to assault Ms. Arnold. He contends that his intent was to obtain his belongings and that he did not cause Ms. Arnold to fear an immediate battery. (Reply Brief, docket no. 7, Pg ID 331-33.)

**A. Legal Framework**

The critical inquiry on review of the sufficiency of the evidence to support a criminal

conviction is

> whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. But this inquiry does not require a court to "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979) (internal citation and footnote omitted) (emphases in original).

> [B]ecause both the *Jackson v. Virginia* standard and AEDPA apply to [Petitioner's] claim[], "the law commands deference at two levels in this case: First, deference should be given to the trier-of-fact's verdict, as contemplated by *Jackson*; second, deference should be given to the Michigan [trial court's] consideration of the trier-of-fact's verdict, as dictated by AEDPA."

*Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (quoting *Tucker v. Palmer*, 541 F.3d 652, 656 (6th Cir. 2008)).

The *Jackson* standard, moreover, "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Jackson*, 443 U.S. at 324 n. 16. The Michigan Legislature has defined first-degree home invasion as follows:

> A person who breaks and enters a dwelling with intent to commit a felony, larceny, or assault in the dwelling, a person who enters a dwelling without permission with intent to commit a felony, larceny, or assault in the dwelling, or a person who breaks and enters a dwelling without permission and, at any time while he or she is entering, present in, or exiting the dwelling, commits a felony, larceny, or assault is guilty of home invasion in the first degree if at any time while the person is entering, present in, or exiting the dwelling either of the following circumstances exists:
>
> (a) The person is armed with a dangerous weapon.
>
> (b) Another person is lawfully present in the dwelling.

Mich. Comp. Laws § 750.110a(2). A person commits domestic violence if the person

> assaults or assaults and batters his or her spouse or former spouse, an individual with whom he or she has or has had a dating relationship, an individual with whom he or she has had a child in common, or a resident or former resident of his or her household . . . .

Mich. Comp. Laws § 750.81(2).

The issues here are whether Petitioner committed an assault and whether he intended to assault Ms. Arnold. An assault is

> "either an attempt to commit a battery or an unlawful act that places another in reasonable apprehension of receiving an immediate battery." *People v. Starks*, 473 Mich. 227, 234, 701 N.W.2d 136 (2005). "A battery is an intentional, unconsented and harmful or offensive touching of the person of another . . . ." *People. Reeves*, 458 Mich. 236, 240 n. 4, 580 N.W.2d 433 (1998).

*People v. Meissner*, 294 Mich. App. 438, 454; 812 N.W.2d 37, 46 (2011). "Intent may be inferred from all the facts and circumstances." *People v. Cameron*, 291 Mich. App. 599, 615; 806 N.W.2d 371, 380 (2011).

**B. Application**

Ms. Arnold testified that she had a child in common with Petitioner and that he kicked in her door when she refused to admit him to her home on August 23, 2012. Kicking the door open was an unlawful act, and there was evidence that Ms. Arnold had to go to the hospital on a previous occasion due to something that Petitioner did to her arm. She testified at trial that she did not know what Petitioner might do after he kicked in her door.

The elements of domestic violence were satisfied because Petitioner committed an unlawful act by kicking Ms. Arnold's door open, and he committed an assault by placing Ms. Arnold in reasonable apprehension of receiving an immediate battery. The elements of first-degree home invasion also were satisfied, because the evidence established that

7

Petitioner broke and entered Ms. Arnold's home while she was present, and he committed an assault by placing her in reasonable apprehension of receiving an immediate battery.

Although Petitioner testified that Ms. Arnold voluntarily admitted him to her home and that his only intent was to get his clothes, the state trial court found Ms. Arnold's testimony to be more credible. The state trial court's evaluation of credibility is entitled to great deference. *Felkner v. Jackson*, 562 U.S. 594, 598 (2011). And, as explained in *Matthews v. Abramajtys*, 319 F.3d 780 (6th Cir. 2003),

> A reviewing court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the trial court. *Marshall v. Lonberger*, 459 U.S. 422, 434, 103 S.Ct. 843, 74 L.Ed.2d 646 (1983). It is the province of the factfinder to weigh the probative value of the evidence and resolve any conflicts in testimony. *Neal v. Morris*, 972 F.2d 675, 679 (6th Cir.1992).

*Id*. at 788. In other words,

> [a]n assessment of the credibility of witnesses is generally beyond the scope of federal habeas review of sufficiency of evidence claims. *Gall v. Parker*, 231 F.3d 265, 286 (6th Cir.2000). The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim. *Ibid*.

*Id*. at 788-89.

A rational trier of fact could have concluded from the evidence taken in the light most favorable to the prosecution that the prosecutor proved the essential elements of the crimes beyond a reasonable doubt. The state appellate court therefore reasonably concluded that there was sufficient evidence to support Petitioner's convictions.

### IV. Conclusion

The state appellate court's adjudication of Petitioner's claim was not contrary to *Jackson,* an unreasonable application of *Jackson*, or an unreasonable determination of the facts. The state court's decision certainly was not "so lacking in justification that

there was an error . . . beyond any possibility for fairminded disagreement." *Richter*, 562 at 103. Accordingly, the Court DENIES the petition for writ of habeas corpus.

### V. Certificate of Appealability

Before Petitioner may appeal this Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Reasonable jurists could not debate the Court's assessment of Petitioner's claim. The Court therefore declines to issue a certificate of appealability. Petitioner nevertheless may proceed *in forma pauperis* on appeal if he chooses to appeal this Court's decision, because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3).

Dated: April 7, 2016                          S/ Sean F. Cox
                                              Sean F. Cox
                                              U. S. District Judge

9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL HILL,

      Petitioner,

                                      Case No. 15-cv-12658
v.                                   Honorable Sean F. Cox

CARMEN D. PALMER,

      Respondent.
_____/

PROOF OF SERVICE

      I hereby certify that on April 7, 2016, the foregoing document was served on counsel of record via electronic means and upon Samuel Hill via First Class mail at the address below:

Samuel Hill 216413
MICHIGAN REFORMATORY
1342 WEST MAIN STREET
IONIA, MI 48846

                                                         S/ J. McCoy
                                                         Case Manager